## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DAVID GATTON                          *

Petitioner                            *

v                                     *            Civil Action No. GLR-15-3971

P. MORGAN and                         *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND                     *

Respondents                           *

                                   ***

## MEMORANDUM OPINION

In response to the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, Respondents assert that the petition is time-barred. (ECF No. 3). The Court granted Petitioner David Gatton 28 days to file a Reply, to address whether his petition is time-barred and provide argument that he is entitled to an equitable tolling of the statute of limitations. (ECF No. 4). Gatton has filed his Reply. (ECF No. 5). No hearing is necessary. See Local Rule 105.6 (D.Md. 2016).

On May 1, 2000, Gatton pled guilty to murder in the second degree and one count of use of a handgun in the commission of a crime of violence in the Circuit Court for Baltimore City, Maryland. (ECF No. 3-1). The Circuit Court sentenced Gatton to serve 48 years in prison. (Id.).

Gatton filed an application for leave to appeal which was denied by the Court of Special Appeals in an unreported decision on May 7, 2001. (ECF No. 3-2). Gatton sought no further review with the United States Supreme Court, making his conviction final August 6, 2001, the date for seeking such review expired. See Sup. Ct. Rule 13.1. Absent tolling of the one-year limitation for seeking federal habeas relief, the deadline for Gatton to file a Petition for Writ of Habeas Corpus was August 6, 2002, or one year after his conviction was final.

Gatton filed a petition for post-conviction relief on May 12, 2005, in the Circuit Court for Baltimore City.  That petition was denied on January 25, 2006.  (ECF No. 3-1). The Court of Special Appeals summarily denied Gatton's application for leave to appeal the denial of post-conviction relief on June 22, 2006, with the court's mandate issuing on July 27, 2006.  (ECF No. 3-3).  Because the one-year filing deadline had already passed when Gatton sought post-conviction relief, these proceedings did not toll the filing deadline under 28 U.S.C. §2244(d)(2), which states that the filing deadline is tolled while properly filed post-conviction proceedings are pending.

Gatton moved to reopen post-conviction proceedings on December 27, 2011, and the Circuit Court for Baltimore City denied Gatton's motion on February 6, 2014.  (ECF No. 3-1). He filed an application for leave to appeal the decision; the Court of Special Appeals denied the application on December 15, 2014, with the court's mandate issuing on January 14, 2015.  (ECF No. 3-4).  These proceedings also did not operate to toll the one-year filing period under 28 U.S.C. §2244(d)(2).

In order to reach the merits of Gatton's claims, there must be some basis for finding that the petition has been filed in a timely manner.  In his Reply, Gatton relies on the provision in 28 U.S.C. §2244(d)(1)(C), pertaining to the recognition of a constitutional right by the United States Supreme Court.  That provision states as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> *****
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

2

28 U.S.C. §2244(d)(1)(C).

Gatton relies on one Supreme Court case and two subsequent decisions issued by the Maryland appellate courts.  (ECF No. 5 at 2–3).  Gatton relies on the Supreme Court case Bradshaw v. Stumpf, 545 U.S. 175 (2005), for the proposition that a guilty plea is not voluntary where a criminal defendant is not informed of the crime's elements.  See id. at 183 (citing Henderson v. Morgan, 426 U.S. 367 (1976)).  Gatton further relies on the Court's observation that "the court taking a defendant's plea is responsible for ensuring a record adequate for any review that may later be sought."  Id. at 183 (internal quotation and citation omitted).  The Court also observed, however, that "the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel."  Id.  The Maryland appellate decisions Gatton relies on, Abrams v. State, 933 A.2d 887, 900 (2007) and State v. Daughtry, 18 A.3d 60, 81 (2011), apply the holding of Bradshaw to particular guilty plea proceedings from the Maryland state courts.  The Maryland Court of Appeals in Daughtry held that the requirements of Maryland Rule 4-242(c) are met when the court relies on the defendant's affirmation that he discussed his guilty plea with his counsel.  18 A.3d at 81.

Gatton's reliance on Bradshaw is misplaced.  First, Bradshaw was decided in 2011. Thus, even if it had announced a newly recognized a constitutional right, which it does not, the deadline for filing a federal habeas petition relying on that right was 2012.  Second, Bradshaw does not announce a newly recognized constitutional right made retroactive to cases on collateral review.  A constitutional right can only be made retroactive by a holding of the Supreme Court. See Tyler v. Cain, 533 U.S. 656, 664 (2001), see also Beard v. Banks, 542 U.S. 406, 412 (2004) (observing that principle that not all newly recognized constitutional requirements apply

retroactively acts as limitation on federal courts' power to grant habeas corpus relief).  Nothing in the <u>Bradshaw</u> decision indicates that it is a watershed case or that it announces a new rule which must be applied retroactively.

Gatton's reliance on Maryland appellate court decisions is also misplaced.  In order for the alternative calculation of the starting date of the one-year filing deadline found in 2244(d)(1)(C) to apply, the precedent relied upon must be a decision issued by the United States Supreme Court.  Thus, the one-year period for Gatton to file a federal habeas petition began on the date his conviction became final and expired before he sought post-conviction relief.

Gatton also argues he is entitled to an equitable tolling of the one-year filing deadline. He states that his "due diligence is severely hampered by the conditions imposed by the prison system and the restrictions of making of monies to support himself and to afford a qualified attorney to plead his case."  (ECF No. 5 at 3).  He further faults the Maryland appellate courts' "rubber stamping" of per curiam decisions denying relief in his case where "there is a clear violation of Md. Rule 4-242(c) and the decision by the Court of Special Appeals in the <u>Daughtry</u> case." <u>Id.</u>

Equitable tolling is available "in those rare instances where due to circumstances external to the party's own conduct it would be unconscionable to enforce the limitation against the party and gross injustice would result."  <u>Hill v. Braxton</u>, 277 F. 3d 701, 704 (4th Cir. 2002) (citing <u>Harris v. Hutchinson</u>, 209 F. 3d 325, 330 (4th Cir. 2000)).  To be entitled to equitable tolling, Gatton must establish that either: (1) wrongful conduct by Respondents contributed to his delay in filing his petition or (2) circumstances that were beyond his control caused the delay.  <u>See</u> <u>Harris</u>, 209 F. 3d at 330.   Here, Gatton simply cites the ordinary circumstances of incarceration and his disagreement with the Maryland courts' decisions denying him relief.  (ECF No. 5).

Neither of the causes Gatton describes constitute extraordinary or rare circumstances that warrant an equitable tolling of the statute of limitations to excuse his thirteen year delay.  Thus, the Court concludes the petition must be dismissed as untimely.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Gatton does not satisfy the standard for issuance of a certificate of appealability here.

A separate Order follows.


October 26, 2016                              /s/
Date                                                      George L. Russell, III
                                                             United States District Judge